**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RON STRICKLAND**                                                                                  **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 3:15-CV-210-HTW-LRA**

**PLASTIPAK PACKAGING, INC., ET AL**                                              **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**</u>

This cause was scheduled for a settlement conference at 9:00 a.m. on January 11, 2016. Defense counsel appeared for the conference, but Plaintiff Ron Strickland did not attend. Strickland did not call or write to notify either defense counsel or the Court that he had a conflict or otherwise could not attend. He was notified of the conference at the last address he gave the Clerk of the Court, Post Office Box 46, Soperton GA  30457. At the time of the conference, court staff called the telephone number that Strickland had provided, and the call was received by an answering service for Strickland.  Court personnel called for Plaintiff outside the courtroom, but he never appeared.  At the conference, defense counsel made an *ore tenus* motion to dismiss based upon Strickland's failure to participate in discovery, failure to obey court orders, and due to his failure to attend the settlement conference.

The Complaint was filed in state court and removed to federal court on March 20, 2015. Plaintiff Ron Strickland was represented by counsel at that time. By Order filed July 15, 2015, Plaintiff's counsel was granted leave of Court to withdraw [21], and Plaintiff was granted until August 28, 2015, to either hire new counsel or notify the Court that he would represent himself. On August 27, 2015, Plaintiff notified the Court that he would represent himself [27]. Since that time, Plaintiff has made no efforts to prosecute his claims.

Defendant Plastipak filed a Motion to Compel [31] on October 9, 2015, and a Motion to Deem Matters Admitted [32] on October 26, 2015. By Order filed December

1, 2015, the Motion to Compel was granted as confessed [35], and Plaintiff was directed to file a response to the Motion to Deem Matters Admitted on or before January 11, 2016. He never provided the discovery as ordered, and he failed to file a response to the motion. Through the December 1, 2015, Order, the Court reset the settlement conference on January 11, 2016, and, as noted above, Plaintiff did not attend.

It may be that Strickland is no longer interested in pursuing his claims, as he has made no efforts to respond to Defendant's motions or to otherwise contact the Court after his attorneys withdrew in July. Plaintiff filed this case, and it was his responsibility to prosecute his claims.

Plaintiff has failed to abide by the orders of this Court due to his failure to participate in discovery, obey the Court's orders, and attend the settlement conference. The Court must be able to contact Plaintiff, and he must be willing to prosecute his case in accordance with the rules of the Court.

Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) **Involuntary Dismissal; Effect.** If the plaintiff *fails to prosecute or to comply with these rules or a court order*, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule ---- except ... ---- operates as an adjudication on the merits.

(Emphasis added.)

This Court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the Court both under Fed. R. Civ. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of

pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

The last address given the Clerk of the Court in this case is apparently still Strickland's correct address. If not, whether or not a plaintiff is *pro se*, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See Local Rule* 11(a); *Wade v. Farmers Ins. Group*, No. 01-20805, 2002 WL 1868133, at *1, n. 12 (5th Cir. June 26, 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute- even incarcerated litigants must inform the court of address changes).

A dismissal of a plaintiff's lawsuit for failing to comply with a district court's order is warranted where "[a] clear record of delay or contumacious conduct by plaintiff exists." *Day v. Allstate Ins. Co.,* 788 F.2d 1110 (5th Cir. 2008) (quoting *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980)). The record in Plaintiff's case supports such a finding. Strickland obviously lost interest in pursuing this lawsuit after his counsel withdrew, although he has not formally dismissed his complaint. The sanction of dismissal is necessary in order to officially conclude the litigation against Defendants.

For the above reasons, the undersigned Magistrate Judge recommends that this cause of action be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice. The Motion to Deem Matters Admitted [32] should be granted, as well as the *ore tenus* Motion to Dismiss made by Defendants.

Alternatively, after procuring an Order granting the Motion to Deem Matters Admitted [32], Defendants may be given the opportunity to file a Motion to Dismiss with

prejudice based upon the merits of Strickland's claims. Defense counsel should notify the Court within the 14 days for objections should they request to proceed in this manner.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 22nd day of January, 2016.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE